# IN THE COURT OF APPEALS OF IOWA

No. 22-0383
Filed May 11, 2022

**IN THE INTEREST OF S.S.,**
**Minor Child,**

**A.S., Mother,**
     Appellant.
_____

     Appeal from the Iowa District Court for Pottawattamie County, Charles D.
Fagan, District Associate Judge.


     A mother appeals the termination of her parental rights to her minor child.
**AFFIRMED.**


     Keith R. Tucker, Glenwood, for appellant mother.

     Thomas J. Miller, Attorney General, and Toby J. Gordon, Assistant Attorney
General, for appellee State.

     Roberta Megel, Council Bluffs, attorney and guardian ad litem for minor
child.


     Considered by Bower, C.J., and Schumacher and Ahlers, JJ.

**SCHUMACHER, Judge.**

A mother appeals the termination of her parental rights to her child. We find there is sufficient evidence in the record to support the district court's findings on the statutory grounds for termination of the mother's parental rights, that termination is in the child's best interests, and that an extension of time is not warranted. We affirm the decision of the district court.

### I.        Background Facts & Proceedings

S.S., the child in interest, was born in April 2021 and tested positive for amphetamines at birth.[1] The child was removed from the mother's custody and placed in foster care with a family that had adopted three of the child's older half-siblings. S.S.'s mother reported that her relationship with S.S.'s father involved domestic violence.

S.S. has special medical needs, including hearing, sight, and gastro-intestinal problems. The mother, age thirty at the time of the termination hearing, has a history of substance abuse, her drug of choice being methamphetamine. S.S. is the seventh of the mother's children. Her parental rights have been terminated to three children; her four additional children, including S.S., are not in her custody. The mother was pregnant at the time of the termination hearing with her eighth child, expected in May 2022.

In early May 2021, the mother completed a substance-abuse evaluation, which recommended the mother enter inpatient treatment. The mother declined to participate.

---

[1] The father has not appealed the termination of his parental rights.

On June 2, 2021, S.S. was adjudicated to be in need of assistance (CINA), pursuant to Iowa Code section 232.2(6)(c)(2), (n), and (o) (2021). The mother participated in Family Centered Services (FCS) and attended visits. She did not appear for DHS drug testing except on one occasion when she refused to submit to the test. The mother attended none of the child's medical appointments.

On October 6, the mother began living at a home for pregnant women in crisis, which was in another state. She had a second substance-abuse evaluation, in which she denied being addicted to drugs, despite her acknowledgment of "snorting or smoking four bowls on a daily basis for a couple of years." The mother began intensive outpatient treatment on November 22, 2021. The mother also began individual therapy. On November 29, the State filed a petition for termination of the mother's parental rights. The mother provided negative drug screens while living in the home for women, which was a requirement for remaining at the facility.

At the termination hearing, held on January 4 and 27, 2022, the Iowa Department of Human Services (DHS) social work case manager testified the child could not be returned to the mother's care because the mother only recently began participating in treatment.

The FCS worker testified the mother had not attended any of the child's medical appointments. She did not believe the mother understood the child's medical and developmental needs. Prior to the termination hearing, the mother had not signed an Area Education Agency authorization for the child to receive needed services, delaying the signing to the time of the termination hearing. The mother also failed to provide consent for another medical procedure.

The mother testified that she did not participate in DHS drug testing because she did not have reliable transportation. She stated she last used methamphetamine in September 2021. The mother completed an outpatient treatment program by the second day of the termination hearing. The mother also completed a domestic violence program. At the termination hearing, she requested S.S. be placed with her at the facility.

The mother presented the testimony of a program director at the home for pregnant women in crisis. The program director testified the mother would be a good candidate to have her child placed with her at the facility. She stated the mother was making progress and growth in the program.

On February 11, the district court terminated the mother's parental rights under section 232.116(1)(e), (h), and (*l*). The court found "although [the mother] has taken the first few minimal steps to obtain sobriety she has not and cannot care for [the child]." The court found termination of the mother's parental rights was in the child's best interests. The court stated,

> The parents have shown that they are not prepared to care for their child. There is no evidence that giving them additional time to address their problems would be fruitful in the near future. There is no bond between this child and the parents that would warrant the court allowing more time to reunify.

The mother appeals the termination of her parental rights.

## II. Standard of Review

Our review of termination proceedings is de novo. *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012). The State must prove its allegations for termination by clear and convincing evidence. *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000). "'Clear and convincing evidence' means there are no serious or substantial doubts as to

the correctness [of] conclusions of law drawn from the evidence." *Id.* Our primary concern is the best interests of the children. *In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014).

### III. Sufficiency of the Evidence

We follow a three-step analysis in reviewing the termination of a parent's rights. *In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010). We first consider whether there is a statutory ground for termination of the parent's rights under section 232.116(1). *Id.* Second, we look to whether termination of the parent's rights is in the child's best interests. *Id.* (citing Iowa Code § 232.116(2)). Third, we consider whether any of the exceptions to termination in section 232.116(3) should be applied. *Id.*

On the first issue, sufficiency of the evidence, "[w]e will uphold an order terminating parental rights where there is clear and convincing evidence of the statutory grounds for termination." *In re T.S.*, 868 N.W.2d 425, 434 (Iowa Ct. App. 2015). "When the juvenile court orders termination of parental rights on more than one statutory ground, we need only find grounds to terminate on one of the sections to affirm." *Id.* at 435. We affirm the termination of the mother's parental rights under section 232.116(1)(h).[2]

---

[2] Section 232.116(1)(h) provides for termination of parental rights when the court finds:

> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

The mother disputes only the fourth element, whether the child could safely be returned to her care at the time of the termination hearing. *See In re D.W.*, 791 N.W.2d 703, 707 (Iowa Ct. App. 2010) (stating that for purposes of section 232.116(1)(h), we consider whether the child can "be returned to the parents' custody at the time of the termination hearing"). The mother asserts that she successfully addressed the issues that led to the removal of the child—substance-abuse problems, mental-health problems, and domestic violence.

On our careful review of the entire record, we find there is clear and convincing evidence that the child cannot be safely returned to the mother's care. While the mother has taken some very recent steps forward, she has only just begun to address a long-standing methamphetamine addiction. She has been unable to show that she can maintain sobriety over time. While she completed an assessment at the end of November, two months prior to the termination hearing, the mother reported to the evaluator that she was not addicted to methamphetamine. And because DHS was unaware of the evaluation, they could not provide collateral information. Because of the mother's delay of engaging in services, the record is devoid of evidence of the mother's ability to maintain sobriety or care for S.S., a child with specialized medical needs, outside of a structured facility. The mother did not attend any of the child's medical appointments, so she is unable to recognize or understand the child's special needs.

Additionally, an interstate home study would need to be completed before the child could be placed with the mother because she was no longer living in Iowa. The timeframe for the mother to secure housing was six to eight months from the

termination hearing. We find there is sufficient evidence in the record to support termination of the mother's parental rights under section 232.116(1)(h).

## IV. Best Interests

The mother claims termination of her parental rights is not in the child's best interests due to her strong bond with the child.

In considering the best interests of a child, we give "primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional needs of the child under section 232.116(2)." *In re P.L.*, 778 N.W.2d 33, 41 (Iowa 2010). "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *Id.*

As noted above, the mother did not attend any of the child's medical appointments, although the child has physical concerns, including hearing loss, sight, and gastro-intestinal issues. The mother was aware of the appointments. The mother could not meet the child's medical needs because she did not have the necessary information about the extent of the child's special needs. Rather than assisting the child, the mother blocked the foster parents' attempts to have additional resources for the child. The mother did not sign the necessary paperwork for the child to have access to these resources until the termination hearing. The mother never progressed beyond supervised visits, and the child has been out of the mother's custody since birth.

We acknowledge that "the parent's right to have a child returned . . . is not measured by comparing the parent's home to the foster home or an ideal home." *In re Blackledge*, 304 N.W.2d 209, 214–15 (Iowa 1981). But our legislation permits consideration of "whether the child has been placed into a foster family, the extent to which the child has been integrated into the family, and whether the foster family is able and willing to adopt the child." *In re D.W.*, 791 N.W.2d 703, 708 (Iowa 2010) (citing Iowa Code § 232.116(2)(b)). S.S. is placed with three of her half-siblings to whom she is extremely bonded. The foster family has also ensured S.S. has contact with half-siblings that do not reside in the home. S.S. is fully integrated with this placement. Her placement is interested in adoption.

We find termination of the mother's parental rights is in the child's best interests.

**V.      Extension of Time**

The mother asks for an additional three to six months to work on reunification with the child. She states, "Reunification could be achieved with additional time granted by the court." The mother asserts the child could be placed with her immediately at the home for pregnant women in crisis.

The court may decide to not terminate parental rights if it finds there is clear and convincing evidence that CINA proceedings should continue and enters an order to extend the time for reunification in accordance with section 232.104(2)(b). *See* Iowa Code § 232.117(5); *In re J.H.,* No. 21-1285, 2022 WL 470193, at *3 (Iowa Ct. App. Feb. 16, 2022). The court may continue the proceedings for an additional six months if the court finds "the need for removal . . . will no longer exist at the end of the additional six-month period." Iowa Code § 232.104(2)(b).

Although the mother claims the child could be immediately placed in her care, it is unknown how long it would take for the completion of an interstate compact home study required for the child to be placed with the mother in another state. In addition, the mother would need to maintain sobriety and be able to meet the child's medical needs. The mother has a long history of substance abuse and involvement with DHS and has only begun to address concerns outlined at the time of removal. While we commend the mother's admission to a facility when pregnant with her eighth child, we agree with the district court that there is a lack of evidence that giving the mother additional time to address her problems would result in the need for removal no longer existing at the end of six months. We affirm the decision of the district court.

**AFFIRMED.**